UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC, | ) Case No. 2:12-cv-13948 |
| Plaintiff, | ) Hon. Lawrence P. Zatkoff |
| vs. | ) |
| JOSH VANVALKENBURG, | ) |
| Defendant. | ) |

| | |
|---|---|
| PAUL J. NICOLLETTI  (P-44419) | JOHN T. HERMANN  (P-52858) |
| Attorney for Plaintiff | Attorney for Defendant |
| 36880 Woodward Ave, Suite 100 | 2684 West Eleven Mile Road |
| Bloomfield Hills, MI 48304 | Berkley, MI 48072 |
| (248) 203-7801 | (248) 591-9291 |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants JOSH VANVALKENBURG, by and through his attorney, JOHN T. HERMANN, hereby responds to Plaintiff's compliant with the answers as follows:

1.	Answering, Paragraph 1, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

2.	Answering, Paragraph 2, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs..

3.	Answering, Paragraph 3, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

4.	Answering, Paragraph 4, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

5.	Answering, Paragraph 5, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

6.	Answering, Paragraph 6, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

7.	Answering, Paragraph 7, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

8.	Answering, Paragraph 8, Defendant admits that he is a resident of the state of Michigan as to the remaining allegations set forth in the paragraph Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

9.	Answering, Paragraph 9, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

10.	Answering, Paragraph 10, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

11. Answering, Paragraph 11, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

12. Answering, Paragraph 12, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

13. Answering, Paragraph 13, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

14. Answering, Paragraph 14, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

15. Answering, Paragraph 15, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

16. Answering, Paragraph 16, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

17. Answering, Paragraph 17, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

18. Answering, Paragraph 18, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

19. Answering, Paragraph 19, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

20. Answering, Paragraph 20, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

21. Answering, Paragraph 21, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

22. Answering, Paragraph 17, Defendant denies any infringing distributions of the movies covered by the Copyrights-In-Suit as to the remaining allegations Defendant neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

23. Answering, Paragraph 17, Defendants denies the allegations contained therein as untrue.

24. Answering, Paragraph 24, Defendant denies any infringing distributions of the movies covered by the Copyrights-In-Suit as to the remaining allegations Defendant neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

25. Answering, Paragraph 25, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

26. Answering, Paragraph 26, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

27. Answering, Paragraph 27, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

28. Answering, Paragraph 28, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

30. Answering, Paragraph 30, Defendants neither admit nor deny the allegations contained therein for lack of sufficient knowledge or information and leaves plaintiff to its proofs.

31. Answering, Paragraph 31, Defendants denies the allegations contained therein as untrue.

32. Answering, Paragraph 32, Defendant denies any infringing distributions of the movies covered by the Copyrights-In-Suit accordingly Defendant also denies the remaining allegations as untrue.

33. Answering, Paragraph 33, Defendant denies any infringing distributions of the movies covered by the Copyrights-In-Suit accordingly Defendant also denies the remaining allegations as untrue.

## **RELIANCE ON JURY DEMAND**

Defendant hereby relies on Plaintiff's demand for a jury trial in connection with its complaint.

Dated: October 16, 2012            s/ John T. Hermann
                                                  JOHN T. HERMANN (P-52858)
                                                  Attorney for Defendant
                                                  2684 West Eleven Mile
                                                  Berkley, MI 48072
                                                  (248) 591-9291

## NOTICE OF AFFIRMATIVE DEFENSES

1. Plaintiff's claims may be barred due to its contributory negligence.

2. Plaintiff's claims may be barred due to a discharge in bankruptcy.

3. Plaintiff's claims are barred by the doctrine of estopple.

4. Plaintiff's claims are barred due to its own illegality and/or fraud.

5. Plaintiff's claims are barred due to the illegality of the claimed actions or methods involved in its complaint.

6. Plaintiff's Complaint is barred as unconscionable.

7. Plaintiff's Complaint may be barred by its prior license to Defendant.

8. Plaintiff's Complaint fails to state a legally recognizable cause of action.

9. Plaintiffs Complaint is barred due to its lack of standing to assert a basis for statutory relief.

10. Plaintiff's Complaint for statutory and/or equitable relief is barred in that works of obscenity are not copyrightable or protected.

11. Defendant further asserts the affirmative defense that the statutory damages sought by Plaintiff are unconstitutionally excessive as applied.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

14. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the

alternative, that any infringement of Plaintiff's work qualifies as an "innocent infringement."

15. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that any sharing of Plaintiff's work was a de minimum use in that a functional copy of Plaintiff's work was not transferred.

16. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

17. Plaintiff's copyrights are invalid and/or unenforceable.

18. While defendant denies the allegations of fact and conclusions of law alleged in Plaintiff's complaint, defendant asserts, in the alternative, that Plaintiff authorized, impliedly or explicitly, the allegedly infringing sharing of its works via BitTorrent, and the claims are therefore barred by the doctrine of implied license.

19. Plaintiff's claims are barred, in whole or in part, by its License, consent, and acquiescence in that alleged infringing activity.

20. Plaintiff's claims are barred, in whole or in part, by its prior recovery / recovery set-offs in connection with the same or similar claims of infringement.

21. Plaintiff's claims are barred, in whole or in part based on its failure to mitigate.

22. Plaintiff's claims are barred, in whole or in part based on its misuse of the copyright act and protections afforded therein.

23. Plaintiff's claims are barred, in whole or in part based on the Unconstitutionally Excessive Damages it attempts to seek as a recovery in connection with the alleged acts of infringement.

24. Defendants hereby reserve the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

Dated: October 16, 2012
s/ John T. Hermann
JOHN T. HERMANN (P-52858)
Attorney for Defendant
2684 West Eleven Mile
Berkley, MI 48072
(248) 591-9291

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court with the ECF system which will send notification of each filing to the following:

Paul J. Nicoletti, Esq.

Dated: October 16, 2012        s/ John T. Hermann
                               JOHN T. HERMANN (P-52858)
                               Attorney for Defendant
                               2684 West Eleven Mile
                               Berkley, MI 48072
                               (248) 591-9291